## D. B. BAKER v. J. W. RUNDQUIST AND ANOTHER.[1]

April 24, 1925.

No. 24,466.

**Award, as matter of law, insufficient for medical attendance and for temporary disability.**

In this a proceeding under the Workmen's Compensation Act it is *held* as a matter of law that there was an insufficient allowance for medical attendance and an insufficient award for temporary disability.

See Workmen's Compensation Acts, C. J. p. 125, § 131.

Upon the relation of D. B. Baker the supreme court granted its writ of certiorari directed to the Industrial Commission to review the proceedings and decision of the commission in a proceeding under the Workmen's Compensation Act brought by relator, employe, against J. W. Rundquist, employer, and Gopher Mutual Casualty Company, insurer. Remanded.

*Francis Muekel,* for relator.

*Kenny, Lohmann & Gardner,* for respondents.

[1]Reported in 203 N. W. 452.

DIBELL, J.

Certiorari by the plaintiff employe to review the award of the Industrial Commission.

The plaintiff was employed as a teamster for the defendant on road construction work. He sustained lacerated wounds on the right side of his face affecting his right eye. He was entitled to compensation. First aid was given by a local physician for ten days. No examination was made of the internal nasal region. Later he consulted a specialist who treated him. The referee allowed $9 for first aid. He was allowed no further sum for medical attention. He was allowed disability compensation for five weeks and three days.

An examination of the evidence leads us to the conclusion that the plaintiff was entitled to medical services additional to his first aid attention. He claims that he had internal trouble in the nasal region. The physician giving the first aid treatment was not a specialist and gave treatment only for the superficial wounds. The specialist gave treatment and he thought it was needed. It may be that some of the work done was not required by the injury. In any event the workman was entitled to exploratory treatment, and perhaps to all that he received. His testimony is apparently candid. The defendant does not particularly assail it. The charges made by the specialist may be high. We are not concerned with them now.

As a matter of law the plaintiff's disability did not cease at the end of five weeks and three days. It was not long continued, but it did not cease so soon.

The amount of the award should be reconsidered. It cannot be large. The situation invites a settlement rather than further litigation. An attorney's fee of $50 in this court is allowed.

Remanded.